IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 48, | No. 3:23-cv-00297-HZ |
| Plaintiff, | OPINION & ORDER |
| v. | |
| ROSENDIN ELECTRIC, INC., | |
| Defendant. | |

Daniel Hutzenbiler
Charese Rohny
Krista Michelle Cordova
McKanna Bishop Joffe, LLP
1635 NW Johnson St
Portland, OR 97209

    Attorneys for Plaintiff


Paula A. Barran
Nicolas K. Ball
Richard C. Hunt
Wilson S. Jarrell

1 – OPINION & ORDER

Barran Liebman LLP
601 SW Second Ave Ste 2300
Portland, OR 97204

       Attorneys for Defendant

HERNÁNDEZ, District Judge:

       Defendant seeks to recover $11,562.68 in costs after it prevailed on summary judgment. Bill of Costs, ECF 33. Plaintiff objects to most of the costs as not reasonably necessary. For the following reasons, the Court awards Defendant the costs it requests.

       On March 1, 2023, Plaintiff, a union, sued Defendant, an employer, for violations of the parties' collective bargaining agreement. Compl., ECF 1. Defendant moved for summary judgment on January 11, 2024, before the deadline the Court set for dispositive motions. ECF 20. On April 11, 2024, the Court granted the motion. ECF 31. Defendant now seeks to recover costs in three categories: fees for printed or electronically recorded transcripts necessarily obtained for use in this case, fees for exemplification, and a docket fee. Only the first two categories of costs are at issue here.

       "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "[T]he word 'should' makes clear that the decision whether to award costs ultimately lies within the sound discretion of the district court." *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 377 (2013). That discretion, however, is confined to the categories of recoverable costs enumerated at 28 U.S.C. § 1920. *Alflex Corp. v. Underwriters Lab'ys, Inc.*, 914 F.2d 175, 176 (9th Cir. 1990). "[A] district court need not give affirmative reasons for awarding costs; instead, it need only find that the reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003). *See*

also *Dawson v. City of Seattle*, 435 F.3d 1054, 1070 (9th Cir. 2006) ("[A] losing party must establish a reason to deny costs.").

Defendant seeks to recover $4,892.95 in costs associated with deposing Plaintiff's business representative and business manager in February 2024. Def. Mem. 3, ECF 34; Hunt Decl. Exs. A & B, ECF 36. It also seeks to recover $3,872.23 for obtaining copies of the transcripts of the three depositions taken by Plaintiff. Def. Mem. 3-4; Hunt Decl. Ex. C. Defendant states that at the time it took the depositions and ordered transcripts of Plaintiff's depositions, it believed they were necessary to prepare for trial. Def. Mem. 3-4. Plaintiff does not challenge the costs associated with deposing Plaintiff's business representative and business manager, but does argue that it was not reasonably necessary for Defendant to order transcripts of any of the five depositions. Pl. Obj. 2-3, ECF 38. Plaintiff states, "At best, Defendant, here needed these items solely for its convenience for trial purposes, six months out, with discovery already closed[.]" *Id.* at 2. Plaintiff points out that Defendant had submitted a motion for summary judgment at the time it ordered the transcripts. *Id.* at 3.

The district court can tax costs of depositions even if they were not used at trial. *Sea Coast Foods, Inc. v. Lu-Mar Lobster & Shrimp, Inc.*, 260 F.3d 1054, 1061 (9th Cir. 2001), *as amended* (Sept. 25, 2001). Defendant argues that it was reasonable to order the transcripts because all of the individuals deposed were likely witnesses at trial, and that "the six months before trial are typically very busy months devoted to trial preparation and essential elements of trial preparation should not be deferred until just a few weeks or months before trial." Def. Reply 3-4, ECF 40. Defendant notes that this Court requires pretrial evidentiary submissions well in advance of trial. *Id.* at 5. Defendant also points out that it "did not know when the court would rule on the Motion for Summary Judgment, whether a ruling was 'imminent,' or what the

outcome of the summary judgment motion would be." *Id.* at 7. The Court agrees with Defendant that the deposition transcripts were reasonably necessary at the time they were ordered, and therefore awards Defendant those costs.

Defendant also seeks to recover $2,777.50 in "costs associated with review and electronic production of hundreds of thousands of documents gathered and produced in response to Plaintiff's discovery requests." Def. Mem. 4. Defendant explains that it retained an e-discovery service provider that bills monthly for each matter. *Id.* at 5 (citing Woodward Decl. ¶¶ 3-10, ECF 35; Hunt Decl. Ex. D). Julie Woodward, a paralegal for the law firm representing Defendant, states that the e-discovery service was necessary because of "the breadth of requests and the volume of documents subject to Plaintiff's discovery requests." Woodward Decl. ¶ 5. She explains that she supervised several paralegals in this matter due to the high volume of documents. *Id.* ¶ 11. Woodward also explains that the e-discovery program was used to upload documents "into a single database where the documents could be hosted in a format that could be searched, tracked, and organized in response to Plaintiff's requests." *Id.* ¶ 3. Another court in this district has concluded that the costs associated with data hosting are recoverable as part of the costs of exemplification. *Mendoza v. Lithia Motors, Inc.*, No. 6:16-CV-01264-AA, 2021 WL 354108, at *4-*5 (D. Or. Feb. 2, 2021). Plaintiff does not challenge this.

Plaintiff objects that "[n]owhere in Rosendin's Bill of Costs or supporting exhibits does it describe the purpose for which specific electronic discovery or specific materials were copied or printed, what review was done, how many documents, why the amounts of copies were necessary if copies are the issue; there is no indication of the cost per page, etc." Pl. Obj. 6. Plaintiff attaches a declaration from counsel stating that Defendant produced three pdfs totaling

4 – OPINION & ORDER

2,556 pages in discovery. Rohny Decl. ¶ 3, ECF 39. Plaintiff further objects that costs associated with intellectual effort cannot be recovered. Pl. Obj. 6.

The Court rejects Plaintiff's first argument. Ms. Woodward's declaration adequately explains the purpose of the software and why it was necessary. To the extent Plaintiff suggests that Defendant's costs are unreasonable because the volume of pages produced to Plaintiff was relatively low, the Court disagrees. The ultimate volume of production says little about the volume of documents Defendant had to sift through in order to produce documents that were responsive to Plaintiff's requests. As to the second argument, Defendant explains that, as stated in the invoices, the e-discovery service billed only for upload processing and project hosting. Def. Reply 9-10 (citing Hunt Decl. Ex. D). Defendant states that it "has not sought reimbursement for the time expended by its legal assistant staff in reviewing and segregating documents responsive to Plaintiff's production requests." *Id.* at 10 (citing Hunt Supp. Decl. ¶ 29, ECF 41). In sum, Defendant's costs for its e-discovery service associated with management of discovery documents in this case are recoverable.

## CONCLUSION

The Court directs the clerk to tax Defendant's costs in the amount of $11,562.68 against Plaintiff.

IT IS SO ORDERED.

DATED:_____May 28, 2024_____.

_____
MARCO A. HERNÁNDEZ
United States District Judge

5 – OPINION & ORDER